IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARREN BAILEY,<br><br>    Plaintiff,<br><br>v.<br><br>GOVERNOR JB PRITZKER, in his official capacity,<br><br>    Defendant. | No. 3:20-cv-00474 |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Governor JB Pritzker ("Governor") hereby removes this action to this Court pursuant to 28 U.S.C. § 1446 and 28 U.S.C. 1343(a)(3), because the action seeks to redress an alleged deprivation of Plaintiff Darren Bailey's rights secured by the Constitution of the United States, including his First Amendment right to free exercise of religion, his Fourteenth Amendment right to procedural due process, his right to interstate travel, and the right to a Republican Form of Government conferred by Article IV, Section 4 of the United States Constitution.

    1.    On April 23, 2020, Plaintiff Darren Bailey ("Bailey") commenced an action in the Circuit Court for the Fourth Judicial Circuit, Clay County, Illinois, captioned *Darren Bailey v. Governor Jay Robert Pritzker, in his official capacity*, No. 2020 CH 6 ("State Court Action"). Bailey served the initial complaint on the Governor on April 24, 2020. On May 15, 2020, Bailey received leave to and filed an amended complaint, which he also served on the Governor. The Governor is the only defendant named in the State Court Action. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b)(1) and 28 U.S.C. § 1446(b)(3), as it is filed within

30 days of service of both the initial pleading and the amended pleading. *See Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 350–51 (1999).

2. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served on the office of Governor J.B. Pritzker relating to this action is attached as Exhibits A–I. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on counsel for Bailey, and a copy, along with a Notice of Filing of the Notice of Removal, is today being filed with the Clerk of the Circuit Court of Clay County, Illinois.

3. The Governor removes this action under 28 U.S.C. § 1343(a)(3) because the action seeks redress for alleged deprivations of Bailey's federal constitutional rights caused by actions taken under color of state law. Section 1343(a)(3) provides federal district courts with original jurisdiction over "any civil action authorized by law" brought by any person: (a) "to redress the deprivation . . . of any right, privilege or immunity secured by the Constitution of the United States" that (b) occurs "under color of any State law, statute, ordinance, regulation, custom or usage."

4. Bailey challenges the validity of disaster proclamations and executive orders that the Governor issued in his official capacity under color of Illinois law. (Am. Compl., Counts I–III.) Bailey seeks declaratory and injunctive relief. In his amended complaint, Bailey alleges he has standing to seek this declaratory and injunctive relief because he has suffered harm caused by the Governor's actions, including alleged harm to Bailey's rights that are protected under the United States Constitution. (Am. Compl., ¶ 117, alleging that "An actual controversy exists between the parties in regard to the authority of Pritzker to enter and enforce those provisions of Executive Order 32 which restrict the movement and activities of persons, and the closure of businesses.") His amended complaint makes clear that through his action for declaratory judgment

and injunctive relief Bailey seeks to redress the alleged deprivation under color of Illinois law of four rights secured by the United States Constitution.

5. *First*, Bailey seeks to redress an alleged violation of his "liberty interest." (*See, e.g.*, Am. Compl., Ex. A, ¶¶ 105-107, seeking redress for Governor's alleged "utilization of the police powers of the State" to "restrict a citizen's movement or activities or seizing control of . . . business premises"; Temporary Restraining Order, Ex. B, ¶ 5, asserting "Plaintiff has shown he has a clearly ascertainable right in need of immediate protection, namely his liberty interest to be free from Pritzker's executive order.")[1] The "liberty interest" that Bailey alleges to have been violated, and for which Bailey seeks redress, is secured by the United States Constitution. *See, e.g.*, *Youngberg v. Romeo*, 457 U.S. 307, 315 (1982); *Parham v. J.R.*, 442 U.S. 584, 600 (1979). The Fourteenth Amendment to the United States Constitution prohibits a "state" from "depriv[ing] any person of life, **liberty**, or property, without due process of law[.]" U.S. Const. amend. XIV, § 1 (emphasis added).

6. Bailey alleges that the executive orders issued by the Governor have deprived him of his liberty interest by requiring him to quarantine himself at home. (*See* Am. Compl., ¶¶ 32–49, discussing quarantine procedures; ¶¶ 105-107, seeking redress for actions restricting movement; ¶ 117, same.) Bailey alleges that the Governor failed to provide him with notice before subjecting him to quarantine and failed to provide him with adequate procedures to challenge his alleged quarantine. (*See* Am. Compl., ¶ 41, alleging "Persons who are ordered to be isolated or quarantined or who are owners of places that are ordered to be closed and made off limits to the public, shall be given a written notice of such order."; *id.* ¶ 37, asserting that "within 48 hours after issuing the

---

[1] The Temporary Restraining Order attached hereto as Exhibit B was drafted by counsel for Bailey and was signed by Judge Michael McHaney without substantive revision. *See* Temporary Restraining Order, Ex. B, *passim*.

order," the State had to "obtain the consent of the person" subject to quarantine "or file a petition requesting a court order authorizing the isolation or quarantine.") Bailey asserts that there are "procedural safeguards" that "must be followed when restricting the movements or activities of the people, or closing businesses, to control disease spread." (Am. Compl. ¶ 48.)

7. Bailey's allegations, when construed as a well-pleaded complaint, as they must be, assert a procedural due process claim under the Fourteenth Amendment. *See* Wright & Miller, 14C Fed. Prac. & Poc. Juris. § 3722.1 (Rev. 4th ed. April 2020) (explaining that under the artful-pleading doctrine, a corollary of the well-pleaded complaint rule, "when a cause of action in the plaintiff's complaint, if properly pled, would pose a federal question and make the case removable, the plaintiff will not be permitted to disguise the inherently federal cause of action, to block removal"). Federal courts have long exercised jurisdiction over challenges to allegedly *ultra vires* state quarantine orders. *See, e.g.*, *Compagnie Francaise de Navigation a Vapeur v. State Bd. of Health*, 186 U.S. 380, 386, 393–94 (1902) (exercising appellate jurisdiction based on due process protections in the Fourteenth Amendment over challenge to allegedly *ultra vires* state quarantine order). This Court has original jurisdiction in this case because Bailey challenges an allegedly *ultra vires* quarantine order that he alleges has deprived him of his liberty interest without the procedural due process to which he is entitled under the Fourteenth Amendment. 28 U.S.C. § 1343(a)(3).

8. *Second*, Bailey seeks to redress an alleged violation of his right to free exercise of religion. (*See, e.g.*, Am. Compl., Ex. A, ¶ 71, seeking redress for Governor's alleged actions "preventing Bailey from attending worship services.") The freedom of religion that Bailey alleges to have been violated, and for which Bailey seeks redress, is secured by the United States Constitution. *See* U.S. Const. amend. I; *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 532 (1993). The First Amendment to the United States Constitution, as applied to

the states through the Fourteenth Amendment, forbids the Governor, in his official capacity, from making any law "respecting an establishment of religion, or prohibiting the free exercise thereof[.]" U.S. Const. amend. I.

9. *Third*, Bailey seeks to redress an alleged violation of his right to freedom of travel. (*See*, *e.g.*, Am. Compl., Ex. A, ¶¶ 105–110, seeking redress for Governor's alleged actions "restrict[ing] . . . citizen's movement.") The freedom to travel that Bailey alleges to have been violated, and for which Bailey seeks redress, is secured by the United States Constitution. *See Attorney Gen. of New York v. Soto-Lopez*, 476 U.S. 898, 901–02 (1986) ("Freedom to travel throughout the United States has long been recognized as a basic right under the Constitution.") (internal citations and quotation marks omitted) (collecting cases).

10. *Fourth*, Bailey seeks to redress an alleged violation of Article IV, Section 4 of the United States Constitution, which provides that "[t]he United States shall guarantee to every State in this Union a Republican Form of Government." Bailey's complaint alleges that the Governor, through the disaster proclamations and executive orders that Bailey seeks to void, has seized "unilateral control over the movement and livelihood of every citizen in the State. The legislative branch during this period of executive rule under the emergency powers has been rendered meaningless." (*See*, *e.g.*, Am. Compl., Ex. A, ¶¶ 84–85.) In other words, Bailey alleges that the Governor's actions have transformed the state government of Illinois to such a degree that Illinois no longer enjoys the "Republican Form of Government" guaranteed by the United States Constitution. U.S. Const. art. IV, § 4.

11. Because Bailey's action seeks redress for alleged deprivation of at least four rights secured by the United States Constitution, this Court has original jurisdiction over Bailey's action under 28 U.S.C. § 1343(a)(3), and removal is proper under 28 U.S.C. § 1441(a) and § 1446.

WHEREFORE, for all these reasons, the Governor removes the State Court Action to this Court.

Dated: May 21, 2020					Respectfully Submitted,

KWAME RAOUL						/s/ Thomas J. Verticchio
Attorney General of Illinois

R. Douglas Rees, #6201825				Thomas J. Verticchio, #6190501
Christopher G. Wells, #6304265			Assistant Chief Deputy Attorney General
Darren Kinkead, #6304847				Office of the Illinois Attorney General
Isaac Freilich Jones, #6323915			100 West Randolph Street, 12th Floor
Office of the Illinois Attorney General		Chicago, Illinois 60601
100 West Randolph Street				(312) 814-5354
Chicago, Illinois 60601				tverticchio@atg.state.il.us

*Counsel for the Governor*

## CERTIFICATE OF SERVICE

I certify that on May 21, 2020 I caused a copy of the foregoing to be served on the following counsel of record via email and US Mail at the addresses listed below:

Thomas G. DeVore
Erik Hyam
DeVore Law Offices, LLC
118 N. 2nd St.
Greenville, IL 62246
618-664-9439
tom@silverlakelaw.com
erik@silverlakelaw.com

                */s/ Thomas J. Verticchio*
                Thomas J. Verticchio
                Assistant Chief Deputy Attorney General

                *Counsel for the Governor*