**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

DARREN BAILEY,

     Plaintiff,

v.

GOVERNOR JB PRITZKER, in his official
capacity,

     Defendant.

No. 3:20-cv-00474-GCS

Magistrate Judge Gilbert C. Sison

**GOVERNOR'S MEMORANDUM IN OPPOSITION TO MOTION
TO EXPEDITE HEARING ON EMERGENCY MOTION TO REMAND**

Governor JB Pritzker, by his attorney, Illinois Attorney General Kwame Raoul,

respectfully submits this memorandum in opposition to Plaintiff Darren Bailey's Motion To

Expedite Hearing On Emergency Motion To Remand. (ECF 9.) The Court should reject Bailey's

request for the Court to remand the case *sua sponte* without even allowing the Governor to

respond on the merits of removal. Bailey provides no basis for expediting a hearing on his

remand motion. To the contrary, his actions in this litigation bely any claim of an emergency. He

vacated the TRO he previously obtained in state court, delayed two weeks before filing an

amended complaint and, after filing it, did not seek emergency relief or an expedited hearing.

That said, the Governor will be prepared to respond on the merits of Bailey's remand

motion by Friday, June 5, 2020, or on a date set by the Court. In the meantime, the Governor's

counsel acknowledge the Court's status call on May 26, 2020, at 1 p.m. and will be on that call.

**Procedural Background**

1.     On April 23, 2020, Bailey sued the Governor in the Circuit Court for the Fourth

Judicial Circuit in Clay County, Illinois (the "State Court"), challenging the Governor's authority

to issue executive orders in the fight against the COVID-19 public health emergency. (ECF 1 at

1

Ex. E.) Bailey followed with a motion for a temporary restraining order that was heard on April 27, 2020. (ECF 1 at Ex. B.) On April 27, 2020, the State Court granted Bailey's motion for a TRO, but after the Governor appealed, Bailey requested that the TRO be vacated, which the Illinois appellate court did on April 30, 2020. (ECF 1 at Ex. I.)

2.      On Friday, May 15, 2020, the State Court granted Bailey leave to file an amended complaint, and then, *sua sponte*, set a one-week schedule for summary judgment briefing. On Monday, May 18, 2020, Bailey filed a motion for summary judgment, then filed a brief in support of his motion the next day. Bailey did not seek a temporary restraining order, a preliminary injunction, or any other form of expedited or emergency briefing schedule or relief in connection with his amended complaint or summary judgment motion. (ECF 8 at 4.)

3.      On May 21, 2020, for the reasons stated in the Notice of Removal, the Governor removed this matter to this Court. (ECF 1.)

4.      Later on May 21, 2020, Bailey filed papers styled an "Emergency Motion To Remand" (ECF 7), "Memorandum In Support Of Emergency Motion To Remand" (ECF 8), and "Motion To Expedite Hearing On Emergency Motion To Remand" (ECF 9). Consistent with Local Rule 7.1, the court automatically gave the Governor until June 25, 2020 to respond to the remand motion. (ECF 7.) Bailey has requested that the Court waive Local Rule 7.1, consider his "Emergency Motion To Remand" on an expedited basis, remand the case "*sua sponte,*" and "not even give [the Governor] the benefit of time to respond" to Bailey's remand motion. (ECF 9 ¶ 5.) On May 22, 2020, the Court set a telephonic status conference for May 26, 2020. (ECF 10.)

**Bailey's request for expedited remand without time to respond should be denied.**

5.      There is no emergency that would require the Court to waive the federal rules of civil procedure and this Court's Local Rules, and decide Bailey's remand motion on an expedited basis without granting the Governor time to respond in writing.

6.      Bailey bases his demand for "emergency" consideration of his remand motion on a professed "exigency of the circumstances, including the prior scheduling of a motion hearing." (ECF 9 ¶ 6.) There was no emergency in the removed action. Bailey had not filed any emergency motion on his amended complaint, and he had previously *voluntarily vacated* the TRO he was granted on April 27, 2020. *See Bailey v. Pritzker*, 2020 WL 2116566, *1 (Ill. App. Ct. 2020). His conduct belies his claim of an emergency now.

7.      Bailey further asserts this matter should be expedited because "federal jurisdiction is non-existent in this case, and it is not even a close call." (ECF 9 ¶ 5.) This assertion prejudges the merits of the Governor's removal and Bailey's remand motion. Bailey's request is contrary to the rules of civil procedure, the Local Rules of the Court, and court precedent. *See Darnell v. Hoelscher Inc.*, 2011 WL 2461951, *1 (S.D. Ill. 2011) (allowing legal issues relating to removal to be fully briefed and denying remand, notwithstanding plaintiff's "emergency motion to remand").

For each of these reasons, the Governor respectfully requests that the Court deny Bailey's Motion To Expedite Hearing On Emergency Remand. Although the Court has already set June 25, 2020 for the Governor's response to the remand motion consistent with Local Rule 7.1, the Governor will be prepared to respond within 14 days from today, by June 5, 2020, or on another date set by the Court, even though no emergency justifies expedited briefing.

Dated: May 22, 2020                                     Respectfully Submitted,

KWAME RAOUL                                         */s/ R. Douglas Rees*

Attorney General of Illinois

Thomas J. Verticchio #6190501
Christopher G. Wells #6304265
Darren Kinkead #6304847
Isaac Freilich Jones #6289023
Office of the Illinois Attorney General
100 West Randolph Street
Chicago, Illinois 60601

Laura K. Bautista #6289023
Office of the Illinois Attorney General
500 South Second Street
Springfield, Illinois 62701

R. Douglas Rees #6201825
Deputy Attorney General, Civil Division
Office of the Illinois Attorney General
100 West Randolph Street, 12th Floor
Chicago, Illinois 60601
(312) 814-3498
*rrees@atg.state.il.us*

4

5

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 22, 2020, he caused a true and correct copy of the foregoing to be served by electronic filing in the CM/ECF system on the following:

Steven M. Wallace
SILVER LAKE GROUP, LTD. – GLEN CARBON
6 Ginger Creek Village Drive
Glen Carbon, IL 62034
Tel.: 618-692-5275
Fax: (888) 519-6101
steve@silverlakelaw.com

By:    /s/ *R. Douglas Rees*