UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISON

| | |
|---|---|
| DARREN BAILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | Case No.  3:20-cv-00474-GCS |
| ) | |
| GOVERNOR JAY ROBERT PRITZKER, ) | |
| in his own capacity, ) | |
| ) | |
| Defendant. ) | |

**REPLY TO DEFENDANT'S OPPOSITION TO
MOTION TO EXPEDITE HEARING ON
<u>EMERGENCY MOTION TO REMAND</u>**

DARREN BAILEY, by and through his undersigned attorneys, states as follows:

1. On May 21, 2020, following extensive proceedings and multiple appearances in the Circuit Court, Clay County, Illinois, Defendant removed this case. Defendant did so on the cusp of a hearing in Clay County, in which that Court was to consider Plaintiff's motion for summary judgment. Within hours following removal, Plaintiff filed his emergency motion to remand, supporting memorandum, and a motion to expedite consideration of the motion to remand.

2. Defendant lodged his objections to Plaintiff's request for an expedited hearing on May 22, 2020.  His objections consist of not much more than (a) Plaintiff voluntarily vacated a temporary restraining order and (b) there is no emergency.

3. As discussed below, this is precisely the situation in which this Court should expedite assessment of its subject matter jurisdiction.

4. Subject matter jurisdiction is ripe for consideration at any time, and there is no requirement to await briefing or submissions by the parties. In fact, prompt action is required. This Court should be vigilant when it comes to subject matter jurisdiction, and it has an independent obligation to assess whether it indeed has jurisdiction. "Unlike most arguments, challenges to subject-matter jurisdiction may be raised by the defendant 'at any point in the litigation,' and courts *must* consider them *sua sponte*." *Fort Bend County v. Davis*, 139 S. Ct. 1843, 1849 (2019) (emphasis added).

5. Defendant makes much of Plaintiff's voluntary vacatur of a temporary restraining order. There is no question Plaintiff did so. However, Plaintiff did so in light of facts that came to his attention after entry of the temporary restraining order. Among other things, following entry of the TRO Plaintiff became aware of an opinion of the Illinois Attorney General that Defendant's authority is constrained as Plaintiff urges in his complaint and first amended complaint. Upon vacatur of the TRO, Plaintiff quickly sought leave to amend his complaint in the Clay County Circuit Court. Furthermore, when instructed to do so by the Circuit Court on May 15, 2020, Plaintiff filed his motion for summary judgment and supporting memorandum on May 18, 2020. In sum, the Court should reject any suggestion that Plaintiff dawdled. The opposite is true: Plaintiff aggressively pursued his claims.

6. In suggesting the lack of an emergency here, Defendant should consider *his* filings and insistence on emergency relief. *After Plaintiff agreed to vacatur of the TRO, Defendant urged the Illinois Supreme Court to enter a supervisory order on an emergency basis.* A copy of Defendant's supplemental emergency motion for supervisory order

under Illinois Supreme Court Rule 383 is attached hereto as Exhibit A. In that supplemental emergency motion, Defendant told the Illinois Supreme Court that, notwithstanding vacatur of the TRO, it needed to act quickly in connection with Plaintiff's contention that Defendant lacked authority under applicable Illinois law to issue certain of his proclamations and executive orders.

7. In sum, the Court should give nothing but short shrift to Defendant's carping about vacatur of the TRO.

8. Having invoked this Court's jurisdiction, Defendant now needs the comfort of time, but offers no reason that he cannot respond immediately. Certainly, Defendant must have apprised himself of the scope of and limitations on federal jurisdiction prior to removing this case. He must be armed to the teeth with authority in support of his suggestion that federal jurisdiction lies in this case. Otherwise, he could not have, in good faith, filed his papers here. As this Court can readily see, good faith has nothing whatsoever to do with this removal.

9. Why has Defendant stepped away from the urgency he posited in the Illinois Supreme Court? Because he now wants this matter to languish. He wants delay. He wants to ensure that his invalid executive orders remain unscathed pending their self-imposed "expiration." That is the only reason he removed this case, and that is exactly why he opposes expedited consideration of the Plaintiff's *Emergency Motion to Remand*.

10. There is, in fact, an extant emergency: Defendant, cloaking himself with non-existent authority, has issued orders which control Plaintiff's activities, travel, and association with others. Every day, every hour and every minute those orders remain in

place Plaintiff and millions of other Illinois residents are constrained in their daily activities. Yes, there is an emergency, and, yes, this situation cries for expedited relief.

11. This Court should therefore immediately exercise its inherent power and authority to find that it lacks subject matter jurisdiction, and send this case back to the Circuit Court, Clay County, Illinois for further proceedings and for disposition.

WHEREFORE, DARREN BAILEY, respectfully requests and prays that this Court hear arguments, if necessary, and dispose of Plaintiff's Emergency Motion to Remand on an expedited basis, and Plaintiff prays for such other relief as the Court deems appropriate.

Respectfully submitted,

SILVER LAKE GROUP, LTD.

By :_____
/s/ Steven M. Wallace
Steven M. Wallace #6198917
Nicole E. Mollet #6238578
6 Ginger Creek Village Drive
Glen Carbon, IL 62034
Phone: (618) 692-5275
Fax: (888) 519-6101
Email: steve@silverlakelaw.com

Counsel to Darren Bailey

## CERTIFICATE OF SERVICE

The undersigned hereby certifies on the 24th day of May, 2020, that a true and correct copy of the above and foregoing pleading was served by electronic filing in the CM/ECF system of the United States District.

/s/Steven M. Wallace