## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS
## EAST ST. LOUIS DIVISON

| | | |
|---|---|---|
| DARREN BAILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  3:20-cv-00474-GCS |
| | ) | |
| GOVERNOR JAY ROBERT PRITZKER, | ) | |
| in his official capacity, | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF'S REPLY TO
### DEFENDANT'S MEMORANDUM IN OPPOSITION TO REMAND

DARREN BAILEY, by and through his undersigned attorneys, states as follows:

### INTRODUCTION

Curiously, the Governor of the State of Illinois persists in his quest to wrest jurisdiction over Plaintiff's causes of action from an Illinois state court.  He does so even though this action involves only the construction of Illinois statutes and whether Defendant took certain actions without statutory authority to do so:  This case concerns nothing more, nothing less.   Plaintiff has not requested an adjudication of his federal constitutional rights or other rights and interests that may exist under federal law: whether Defendant's actions violate federally protected interests is neither here nor there *in this context*.

Plaintiff's complaint, not extra-judicial statements or judicial pronouncements, governs the question of subject matter jurisdiction, and the complaint and first amended complaint at issue in this case do not so much as hint that Plaintiff is seeking vindication

of his federally guaranteed rights and interests.   Instead, Plaintiff alleges only that Defendant lacked authority to issue certain of his proclamations, declarations and executive orders.

Defendant's reliance on 28 U.S.C. §1343(a)(3) is entirely misplaced, and it certainly does not provide an independent basis for jurisdiction.   First, nothing in Section 1343(a)(3) or cases construing it suggest that Defendant can simply rewrite Plaintiff's complaint and insert federal claims where none exist.   Moreover, Section 1343(a)(3) is, indeed, a relic of an era in which federal question jurisdiction was conditioned on an amount in controversy and parties seeking vindication of their federal rights desperately needed a distinct basis for federal jurisdiction in order to seek redress.   The elimination of the monetary threshold in Section 1331 removed that barrier to federal jurisdiction.

Defendant's *ultra vires* executive orders and proclamations may well be fodder for future actions under the United States Constitution, the Constitution of the State of Illinois, and federal statutes.   However, a complaint seeking those remedies is nowhere in the record, and this matter should be remanded to the Circuit Court, Clay County, Illinois for further proceedings and for disposition.

## DISCUSSION

### I.   NEITHER PLAINTIFF'S COMPLAINT NOR HIS FIRST AMENDED COMPLAINT ESTABLISH A BASIS FOR FEDERAL JURISDICTION.

The Defendant clearly wants Plaintiff's complaint to be something it is not:   an assertion that Defendant's actions are proscribed by either the United States Constitution or a federal statute.   However, there is no invocation of federally protected rights in either

Plaintiff's complaint or first amended complaint.   The absence of a federal issue in Plaintiff's pleadings preclude exercise of jurisdiction here.

The United States Supreme Court has unequivocally directed that the existence of federal question jurisdiction hinges on the allegations in the plaintiff's complaint.

> Under our longstanding interpretation of the current statutory scheme, the question whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint." *Franchise Tax Board,* 463 U.S., at 9-10, 103 S. Ct., at 2846-2847. A defense that raises a federal question is inadequate to confer federal jurisdiction. *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 29 S.  Ct. 42, 53 L. Ed. 126 (1908). Since a defendant may remove a case only if the claim could have been brought in federal court, 28 U.S.C. § 1441(b), moreover, the question for removal jurisdiction must also be determined by reference to the "well-pleaded complaint."

*Merrell Dow Pharm. v. Thompson,* 478 U.S. 804, 808,  106 S. Ct. 3229 (1986).   At the time, federal law did not recognize a private right of action under the Federal Food,  Drug and Cosmetic Act.   Thus, the complaint at issue did not contain a federal cause of action and federal jurisdiction was lacking.   *See also Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S. Ct. 2425 (1987) ("The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint . . . The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.") (internal citations omitted)

The Complaint and First Amended Complaint in this case make it clear removal was entirely improper.   In this action, Plaintiff does not so much as hint that Defendant's Executive Orders, Declarations and Proclamations infringe on Plaintiff's rights under the Constitution or federal law.   They may well so infringe and be actionable under federal

law.   However, that is not what Plaintiff seeks in this action.   Plaintiff seeks a determination that Defendant's actions are invalid, not because they infringe on fundamental rights guaranteed under federal law, but instead, because they exceed Defendant's authority under Illinois law.

What Defendant wants is the ability to amend Plaintiff's pleadings and insert claims Plaintiff has not yet asserted.   However, as the Supreme Court admonished, Plaintiff is the master of his claim, and cannot be compelled to assert federal claims in order to legitimize a bad faith invocation of federal jurisdiction.

Much as he did with his asserted authority under Illinois law, Defendant goes to great lengths to contrive federal claims and causes of action in Plaintiff's Complaint and First Amended Complaint.   Does Plaintiff claim that Defendant's orders, proclamations and declarations have the effect of restricting his ability to travel, ability to associate with others, and practice his faith?   He absolutely does make those allegations.   However, the crux of Plaintiff's causes of action is Defendant's lack of statutory authority.

The Court should reject any suggestion that Plaintiff, via artful pleading, has shrouded what are actually federal claims for the purpose of defeating federal jurisdiction.   Plaintiff's allegations are straightforward:   (a) Defendant issued certain proclamations, executive orders, and declarations; (b) the proclamations, executive orders, and declarations had the effect of restricting Plaintiff's ability to travel, associate with others, and practice his faith; and (c) Defendant had no statutory authority to do so. There is nothing manipulative about seeking relief limited to those theories.

Defendant makes much of the state court judge's statements on the record, as well as Plaintiff's extra-judicial statements and quotations, none of which can form the basis for jurisdiction here.   Jurisprudence concerning federal jurisdiction makes it clear the "well-pleaded complaint," and not other quotations, pronouncements or extraneous documents, governs the existence of federal jurisdiction.   Thus, Plaintiff's statements to the press are of no moment and cannot impact assessment of his motion to remand. Likewise, on-the-record statements of the state court judge, quoted by Defendant in his opposition to remand, are not part of the calculus, and even if they could be considered, it is clear he reached his conclusion on the basis of Defendant's lack of statutory authority: "The issue before me now is whether the Governor can ignore the Illinois and United States Constitutions for more than 30 days.   This court rules that the answer to that question is a resounding no." *Governor's Memorandum in Opposition to Remand* [Doc. 24] at 2.   Clearly, the state court based its decision on Defendant's authority under Illinois law, not on the constitutionality of the Defendant's actions.

Federal jurisdiction is unquestionably lacking here.   Plaintiff's pleadings do not raise any claims under the United States Constitution or federal statutes.   Defendant has done nothing more than rewrite the Complaint and First Amended Complaint to suit his needs.   That he cannot do, and this Court should remand this case to the Circuit Court, Clay County, Illinois for further proceedings and disposition.

II.     **SECTION 1343(a)(3) DOES NOT ESTABLISH AN INDEPENDENT BASIS FOR FEDERAL JURISDICTION, AND DOES NOT EMBRACE THE ALLEGATIONS IN PLAINTIFF'S PLEADINGS.**

Defendant's exegesis concerning 28 U.S.C. §1343(a)(3) is interesting, but entirely irrelevant in this case.  The plain language of the statute, when applied to Plaintiff's causes of action, does not provide a jurisdictional hook.  Furthermore,  Section 1343 is a vestige of a time when jurisdiction under Section 1331 was dependent on an amount in controversy.  Amendment of Section 1331 to remove the monetary component rendered Section 1343(a)(3) superfluous.   Furthermore, there is no authority whatsoever that the Court should look beyond a "well-pleaded complaint" in order to assess the existence of jurisdiction under Section 1343(a)(3).

Section 1343 provides that

[t]he district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person . . . to redress the deprivation, under color of State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States . . .

28 U.S.C. §1343(a)(3).

Plainly, the statute is inapplicable in the case at bar.   Yes, Plaintiff is a "person" within the contemplation of the statute, but the applicability of Section 1343(a)(3) stops there. Plaintiff has not sought, in this action, redress for the deprivation of a right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights.   Plaintiff has sought nothing more than (a) a declaration that Defendant exceeded his authority under applicable Illinois statutes and

(b) because of lack of a statutory basis, Plaintiff should be excused from compliance with Defendant's proclamations, executive orders, and declarations.   Those allegations do not form the basis for federal jurisdiction.

Defendant seems to posit that federal jurisdiction is triggered whenever state action infringes on a fundamental right and a plaintiff seeks relief from the state action, no matter the basis for the plaintiff's claim.   Nothing in Section 1343(a)(3) or the authority construing it gives the statute such breadth.   Would an action challenging a mayor's authority under a city's ordinances to close a street, if it impaired a person's ability to travel or attend a religious service, be removable if the state actor did not like his or her chances in a state court?   Of course not.   The Court should summarily reject such a construction of the statute.

Section 1343(a)(3) is a product of a different time, and its necessity has waned. *Myles v. U.S.,* 416 F.3d 551 (7th Cir. 2005).   The Seventh Circuit noted, albeit in *dicta,* that "Section 1343(a)(3) covers only civil rights claims against state actors and has had no legal effect since 1976, when Congress amended §1331 to eliminate any amount-in-controversy requirement.  (The point of §1343(a)(3) had been to allow civil-rights suits without regard to the amount in controversy . . . )." *Id.* at 554.   *See also Chapman v. Houston Welfare Rights Org.,* 441 U.S. 600, 99 S. Ct. 1905 (1979) ("**In reaching this conclusion, the Court of Appeals first noted that § 1983 'is not a jurisdictional statute; it only fashions a remedy . . . *Nor could jurisdiction be founded on 28 U.S.C. § 1331, the general federal-question jurisdictional statute, since the amount in controversy did not exceed $10,000*.**").

Defendant makes it clear he is proceeding solely under Section 1343(a)(3), and disavows any reliance on "arising under" jurisdiction as contemplated in Section 1331. However, the clear implication of *Chapman* and *Myles* is that "arising under" jurisdiction as contemplated in Section 1331 subsumes Section 1343(a)(3).   Thus, pursuant to the analysis in *Chapman* and *Myles*, if jurisdiction is non-existent under Section 1331 it is likewise lacking under Section 1343(a)(3).   Since Defendant essentially concedes this Court lacks jurisdiction under Section 1331, by implication it also lacks jurisdiction under Section 1343(a)(3).

The Defendant erroneously believes he discovered a well-spring of authority in *Spaulding v. Mingo County Board of Educ.*, 897 F. Supp. 284 (S.D. W. Va. 1995).   The plaintiffs in that case asserted nothing but claims under various West Virginia statutes and West Virginia common law.   The District Court concluded that the plaintiffs "artfully drafted" their complaint to avoid asserting federal claims, and, since claims under various West Virginia statutes apparently ran parallel to similar federal statutes and the United States Constitution.   Ultimately, however, the *Spaulding* court remanded the case to the West Virginia state court, and did so because of the importance of the questions of state law presented.

Unfortunately, the *Spaulding* court's assessment of federal jurisdiction under Section 1343(a)(3) was never tested on appeal.   The court made no effort to explain why a plaintiff who elects to assert only state law causes of action must be deemed to have alleged federal claims as well, and it essentially ignored long-standing authority that a plaintiff is the master of his complaint.

The only plausible explanation for the *Spaulding* court's decision is that it found "embedded" federal claims that conferred jurisdiction.    However, the court did not have the benefit of the Supreme Court's decision in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 312 (2005).  Where federal law does not create the cause of action, "federal jurisdiction over a state law claim will [only] lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* at 258.  As Plaintiff explained in his *Memorandum in Support of Emergency Motion to Remand,* no federal claims are necessarily raised in this case, there is no actual dispute in this action concerning contravention of Plaintiff's federal rights (he seeks only a determination of Defendant's authority under Illinois law), the infringement of fundamental rights is not essential to a determination of Defendant's authority under state law, and construction of the Illinois Emergency Management Agency Act and the Illinois Department of Public Health Act, i.e., the core of Plaintiff's causes of action, is not "capable of resolution in federal court without disrupting the federal-state balance."   [Doc. 8 at 5-7].

Defendant claims that "courts across the county have continued to recognize Section 1343(a)(3) as good law, and a valid basis for federal jurisdiction." *Governor's Memorandum in Opposition to Remand* [Doc. 24 at 20].  Defendant then provides citations to a smattering of cases that purport to exercise jurisdiction under Section 1343(a)(3). However, Defendant conveniently omits that in each of the cases in his string citation the plaintiffs specifically stated claims under 42 U.S.C. §1983 and the courts found they had

jurisdiction under 28 U.S.C. §§1331 **_and_** 1343(a)(3).   *See Jhagroo v. Brown*, 2020 WL 419450,

*1 (S.D.N.Y. 2020); *Willis v. Tejeda*, 2019 WL 498952, *1 (N.D. Ill. 2019); *Correction Officers'*

*Benevolent Ass'n, Inc. v. City of New York*, 415 F. Supp. 3d 464, 466–67 (S.D.N.Y. 2019).

Other authorities Defendant relies upon are completely inapplicable in this

situation.  For example, in *Rodriguez v. Comas,* 888 F.2d 899 (1st Cir. 1989), the plaintiff

specifically stated a cause of action under 42 U.S.C. §1983 and the Court was not called

upon to find non-existent causes of action.   Equally unhelpful to Defendant's position is

*Campbell v. Gadsden County Dist. School Bd.,* 534 F.2d 650 (5th Cir. 1976).   In considering

the question of jurisdiction, the Fifth Circuit noted that "[f]ederal question jurisdiction

was also asserted under 28 U.S.C. § 1331, but the record does not affirmatively establish

the existence of an amount in controversy in excess of $10,000."  *Id.* at 653, n. 7.   As noted

above, the obstacle to federal jurisdiction under Section 1331 has been removed.

In sum, the Court should reject the Defendant's assertions that Section 1343(a)(3)

provides an independent basis for jurisdiction in this case.   Plaintiff has alleged nothing

but claims that Defendant exceeded his authority under Illinois law.   There may be a day

when Plaintiff (and others) seek to vindicate their rights under federal law.   However,

that is not this case.


## CONCLUSION

The Defendant has done nothing more than attempt to recast Plaintiff's pleadings

as setting forth claims that are simply not there.   In this action, Plaintiff seeks nothing

more than a declaration concerning Defendant's alleged authority and an injunction

relieving Plaintiff from compliance with certain of Defendant's executive orders, declarations and proclamations.   None of Plaintiff's pleadings request an adjudication concerning his right under federal law.

At the end of the day, Defendant is forum shopping.   He sought relief in the Illinois Supreme Court and was rejected there.   He filed a motion to transfer Plaintiff's Clay County, Illinois case to Sangamon County, and the Circuit Court denied that motion.   Facing a hearing on Plaintiff's motion for summary judgment, Defendant then concocted a removal to this Court.

For the reasons set forth herein and in Plaintiff's Emergency Motion to Remand and Memorandum in Support of Emergency Motion to Remand, the Court should (A) remand this case immediately to the Circuit Court, Clay County, Illinois and (B) award Plaintiff his attorney fees, costs and expenses associated with this matter

Respectfully submitted,

SILVER LAKE GROUP, LTD.

/s/ Steven M. Wallace

By :_____

Steven M. Wallace #6198917
6 Ginger Creek Village Drive
Glen Carbon, IL 62034
Phone: (618) 692-5275
Fax: (888) 519-6101
Email:  steve@silverlakelaw.com

Counsel to Darren Bailey

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies on the 10th day of June, 2020, that a true and correct copy of the above and foregoing pleading was served by electronic filing in the CM/ECF system of the United States District Court for the Southern District of Illinois.


/s/ Steven M. Wallace

_____